**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-cv-24652-WILLIAMS/GOODMAN**

TAMARA WAREKA,

      Plaintiff,

v.

EXCEL AESTHETICS LLC, et al,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S**
**<u>MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT</u>**

In this breach of contract action, Plaintiff Tamara Wareka (p/k/a Tamara Williams) ("Plaintiff") filed a motion for final default judgment against Defendant Excel Aesthetics LLC ("Defendant"). [ECF No. 11]. Defendant did not file a response to Plaintiff's motion and the response deadline has now expired.

United States District Judge Kathleen M. Williams referred this motion to the Undersigned pursuant to "28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida" for a report and recommendations. [ECF No. 12]. As explained below, the Undersigned **respectfully recommends** that Judge Williams **grant in part** and **deny in part** Plaintiff's motion**.**

## I.      Background

Plaintiff filed a single-count Complaint alleging that Defendants violated the Copyright Act, 17 U.S.C. § 101 *et seq* when they used her photograph without her permission. [ECF No. 1]. Plaintiff states that Defendants used her photograph in an Instagram post related to "the longevity of Botox injections." *Id* at ¶ 15.

Plaintiff is a "highly successful freelance photographer specializing in beauty and fashion photography." *Id* at ¶ 8.[1] Defendants include Excel Aesthetics LLC and Does 1 through 10. The Complaint states that,

> Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

*Id*. at ¶ 7.

Defendant Excel Aesthetics LLC "is a 'full-service medical aesthetic center offering non-surgical treatments[.]'" *Id.* at ¶ 13. Plaintiff states that she "never at any point [gave

---

[1]      Because Plaintiff's Motion is only against Defendant and not any of the Doe Defendants, the Undersigned ordered Plaintiff to file a memorandum of law explaining "whether the existence of other defendants generates a risk of an inconsistent judgment [.]" [ECF No. 13]. In response, Plaintiff filed a Notice of Voluntary Dismissal [ECF No. 15] for only the Doe Defendants.

Defendant] permission to display, distribute or otherwise use" her photograph. *Id.* at ¶ 18.

Plaintiff obtained a Clerk's Default [ECF No. 10] solely against Defendant and now seeks the entry of a default judgment against it. [ECF No. 11]. In addition to seeking a default judgment, Plaintiff requests damages, costs, attorney's fees, and the entry of a permanent injunction against Defendant. *Id.*

## II. Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

_____

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

III.    **Analysis**

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment

entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a.       Subject-Matter Jurisdiction

The Complaint [ECF No. 1] alleges a single cause of action the Copyright Act, 17 U.S.C. § 101 *et seq.* It states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). *Id* at ¶ 2. *See Daka Rsch., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-60246, 2023 WL 5310240, at *2 (S.D. Fla. July 14, 2023*), report and recommendation adopted sub nom. Daka Rsch. Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Amended Schedule "A"*, No. 22-60246-CV, 2023 WL 5289258 (S.D. Fla. Aug. 17, 2023) ("[T]he Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (providing for federal question jurisdiction) and 1338 (governing actions involving patents, copyrights, and trademarks, among others).").

The Undersigned agrees and finds that the Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

### b.       Personal Jurisdiction

In addition to having subject-matter jurisdiction, a court must also have personal jurisdiction over each defendant. "A judgment rendered in the absence of personal

jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte.*" *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted). Here, Plaintiff states that,

> This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Florida and the United States, Defendant's acts of infringement were directed towards the state of Florida and the United States, Defendant caused injury to Plaintiff within the state of Florida and the United States, and Defendant has a physical presence in the state of Florida and the United States.

[ECF No. 1, ¶ 3].

### i.      Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service

of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

Here, Plaintiff filed a copy of the proof of service. [ECF No. 8]. It reflects that the process server served "Marie Claire, Administrator and authorized to accept service on behalf of the Registered Agent." *Id*. Plaintiff's Motion states that

> Service was made at Defendant's Registered Agent's office upon an employee who identified as an "Administrator" of Registered Agent, in accordance with Fla. Stat. § 48.162[3] (2021) whereby service of process may be served upon a Limited Liability Company via its registered agent. See Dkt #8. If the registered agent is not present at the time of service, or is temporarily absent, service of process may be made on any employee during the first attempt at service. See Fla. Stat. § 48.162 (2021).

[ECF No. 11, ¶16].

Florida amended its service statutes, effective January 2, 2023. "In Florida, service of process on limited liability companies ('LLCs') is governed by section 48.062, Florida Statutes." *McGlynn v. Miami Diario LLC*, No. 22-CV-24261, 2023 WL 4251553, at *6 (S.D. Fla. June 29, 2023) (quoting *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-CV-1969-CEH-CPT, 2021 WL 1840769, at *3 (M.D. Fla. May 7, 2021)). Under Fla. Stat. § 48.062(2) a "domestic limited liability company or registered foreign limited liability company may be served with

---

[3]    Plaintiff mislabeled the proper Florida service statute. It should be 48.**0**62, not 48.**1**62.

process required or authorized by law by service on its registered agent designated by the domestic limited liability company or registered foreign limited liability company under chapter 605." Only "[i]f service cannot be made on a registered agent of the limited liability company" may a plaintiff proceed to the next authorized service method: by service on the following: (a) "[o]n a member of a member-managed limited liability company"; (b) "[o]n a manager of a manager-managed limited liability company"; or (c) "[a]fter one attempt to serve a member, manager, or designated employee has been made, . . . on the person in charge of the limited liability company during regular business hours." *Id*.

Plaintiff properly served Defendant under Fla. Stat. § 48.062 because she served a member of Defendant's company who was authorized to accept service on behalf of its registered agent.

However, the executed summons [ECF No. 8] does not comply with Federal Rule of Civil Procedure 4 because the filing does not reflect that a copy of the summons was included in the documents served on the registered agent that day. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Fencl v. PB&J Resorts II (Jamaica) Ltd.*, No. 6:22-CV-833-CEM-DCI, 2022 WL 19914480, at *2 (M.D. Fla. Aug. 29, 2022) ("Federal Rule of Civil Procedure 4(c) provides '[a] summons must be served with a copy of the

complaint.' Since Ms. Seaton was not served with a summons, service of process on [the] [d]efendant was not properly effectuated through her.").

Plaintiff cured this defect in the affidavit filed by Plaintiff's counsel, Melissa A. Higbee. [ECF No. 16]. In it, she included a copy of the service packet that was properly served. *Id*. at 4-20. Therefore, Plaintiff properly served Defendant under both Florida and Federal rules.

### ii.    Amenability to Jurisdiction

As a domestic LLC, Defendant is amenable to the jurisdiction of this Court. *See Shropshire v. Towing & Auto Repair Mgmt. Corp*, No. 8:20-CV-1931-TPB-CPT, 2021 WL 2904907, at \*2 (M.D. Fla. Apr. 23, 2021), *report and recommendation adopted*, No. 8:20-CV-1931-TPB-CPT, 2021 WL 2895741 (M.D. Fla. July 9, 2021) (finding that the court had jurisdiction over the corporate defendant because it was a Florida corporation with its principal place of business in Florida); *Subic Bay Marine Exploratorium, Inc. v. JV China, Inc*., 257 So. 3d 1139, 1141 (Fla. 5th DCA 2018) ("Florida residents are subject to the general jurisdiction of Florida courts. Under Florida law, corporations are residents of their state of incorporation." (internal citation omitted)).

### c.    Liability

As noted above, the Complaint alleges one count of copyright infringement under the Copyright Act. "To establish a prima facie case of copyright infringement, 'two elements

9

must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

"[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d at 1339. Here, the Complaint alleges that:

> 10. [Plaintiff] is the sole creator and exclusive rights holder to a beauty photograph of a blonde model ("Photograph").
>
> ***
>
> 12. [Plaintiff] registered the Photograph with the United States Copyright Office under registration certificate VA 2-114-445.
>
> 13. Defendant Excel Aesthetics LLC is a "full-service medical aesthetic center offering non-surgical treatments" including microblading, vacuum therapy, butt lifting, sculptra, and lip blushing. See http://www.excelaestheticsmiami.com/.
>
> 14. At all relevant times, Excel managed and operated the @excelaesthetics Instagram Page ("Defendant's Instagram").
>
> 15. On or about November 20, 2021, [Plaintiff] discovered her Photograph on Defendant's Instagram in a post about the longevity of Botox injections ("Infringing Post").
>
> ***
>
> 18. [Plaintiff] has never at any point given Excel a license or other permission to display, distribute or otherwise use the Photograph on Defendant's Instagram or any other website or platform.
>
> 19. Excel (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Photograph to the Defendant's Instagram without [Plaintiff's] consent or authorization

20. On information and belief, Defendant's use of the Photograph was deliberate and willful because it knew or should have known that they did not purchase a license to use the Photograph.

[ECF No. 1, ¶¶ 10; 12–15; 18–20].

Given the well-pleaded allegations of the Complaint, Plaintiff has established Defendant's liability for federal copyright infringement. *See Markos v. Yacht Charters of Miami.com, LLC*, No. 19-22284-CV, 2019 WL 8989936, at *2 (S.D. Fla. Oct. 2, 2019), *report and recommendation adopted*, No. 19-22284-CIV, 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019) (finding that "[the] [p]laintiff successfully pled [a claim of copyright infringement], alleging that he registered the photograph at issue with the Register of Copyrights on November 3, 2016, and that [the] [d]efendant subsequently used this photograph on [its] website without license or permission to do so.").

### d.   Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs. Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Although a defaulted defendant admits well-pleaded

allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2688 at 58–59 (3d ed. 1998)).

Here, Plaintiff seeks $15,107.15 in statutory damages, attorney's fees, and costs. [ECF No. 11, pp. 9–10]. As discussed below, Plaintiff is entitled to the relief requested.

   **i.      Statutory Damages**

Under the Copyright Act:

> a successful copyright litigant is entitled to any damage suffered and the infringers' profits or, at the election of the copyright owner, statutory damages. Statutory damages are awarded per copyrighted work infringed between Seven Hundred and Fifty Dollars ($750.00) and Thirty Thousand Dollars ($30,000.00), at the discretion of the Court. 17 U.S.C. § 504(c)(1). Further, if the Court finds that the infringement was willful, it is within the Court's discretion to raise the statutory award to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringed work.

*Sanrio Co. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *4 (S.D. Fla. Mar. 21, 2019). (citing 17 U.S.C. § 504(c)(2)).

Here, Plaintiff seeks $13,000.00 in statutory damages. She notes that she "previously licensed a single photograph for $5,600, which includes a 3-year staggered global license, PR and global web usage, but no advertisement rights." [ECF No. 11, p. 9]. "Additionally, Plaintiff has licensed a single photograph to a Canadian drug store for $9,700, for a 1-month

license that included a print of the photograph in 3 physical stores, and within social media and email blasts to approximately 500,000 customers." *Id*. Thus, Plaintiff calculates her statutory damages as "about two times [the cost of] Plaintiff's licensing fees for a single image." *Id*.

"The Court has wide discretion to set an amount of statutory damages." *Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306182, at *6 (M.D. Fla. Feb. 23, 2022), *report and recommendation adopted sub nom. Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306516 (M.D. Fla. Mar. 14, 2022) (citing *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). It may award statutory damages even in instances where a plaintiff cannot prove actual damages caused by a defendant's infringement. *See ABS-CBN Corp. v. abscbn-teleserye.com*, No. 17-61051-CIV, 2017 WL 6947726, at *8 (S.D. Fla. Dec. 27, 2017) (noting that "[a]n award of statutory damages is appropriate, because statutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by [the] plaintiff or of the profits reaped by the [d]efendant").

The amount of statutory damages awarded should be sufficient to compensate the copyright holder *and* deter Defendant and others from infringing on that copyright. *See Sadowski v. Orion Healthcare Servs., Inc.*, No. 21-CV-24475, 2022 WL 3155037, at *4 (S.D. Fla. July 21, 2022), *report and recommendation adopted*, No. 21-24475-CV, 2023 WL 2581349 (S.D.

13

Fla. Mar. 21, 2023) ("The goal of statutory damages is not to merely compel restitution of profit and reparation for injury, but to also deter future violations of copyright infringement.").

> Here, Defendant's infringement was willful:
>
> A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" of a plaintiff's intellectual property rights. [*Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)]. Willful infringement may be inferred where, as here, a defendant is willing to accept a default judgment. *See Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla., Oct. 18, 2007).

*Sanrio Co.* 2019 WL 2010249, at *5; *see also Arista Recs., Inc.*, 298 F. Supp. 2d at 1312 (finding willful infringement due to the defendant's default and the allegations of willfulness set forth in the plaintiff's complaint).

Moreover, this requested statutory award is within the statutory range for a willful violation, and is sufficient to compensate Plaintiff, punish Defendant, and deter it and others from continuing to infringe Plaintiff's copyright. *See Aug. Image, LLC v. Auge Internacional Media, LLC*, No. 22-22718-CIV, 2022 WL 20834406, at *5 (S.D. Fla. Nov. 16, 2022) (entering default judgment award of $37,800.00 in statutory damages, noting this amount "[was] appropriate to compensate [the] [p]laintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hopes of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law"). Accordingly, the Undersigned respectfully

14

**recommends** that the District Court award Plaintiff the requested **$13,000.00** in statutory damages.

> ii.        Attorney's Fees

The Copyright Act permits the prevailing party to recover reasonable attorney's fees. 17 U.S.C. § 505. "Section 505 of the 1976 Copyright Act, 17 U.S.C. § 505, permits the trial court in its discretion to award a reasonable attorneys' fee to the prevailing party in a copyright infringement action." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982).

The Eleventh Circuit has stated that:

> The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure "that the boundaries of copyright law [are] demarcated as clearly as possible" in order to maximize the public exposure to valuable works.

*MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27, 114 S. Ct. 1023, 127 L.Ed.2d 455 (1994)).

Here, Defendant acted willfully in its infringement of Plaintiff's copyrighted photograph. It failed to respond to the Complaint or otherwise participate in this action. "Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Copyright Act." *Sharp Shirter Inc. v. Individuals, P'ships, & Unincorporated Assocs. Identified on Schedule "A"*, No. 1:22-CV-23468-KMW, 2023 WL 6064810, at *5 (S.D. Fla. Aug.

30, 2023), *report and recommendation adopted sub nom. Sharp Shirter Inc. v. Individuals, P'ships, & Unincorporated Assocs. Identified on Schedule A*, No. 22-23468-CV, 2023 WL 6064519 (S.D. Fla. Sept. 18, 2023).

In the instant case, Plaintiff seeks $1,557.15 in attorney's fees. [ECF No. 11, p. 10]. Plaintiff filed a declaration from her attorney, Melissa A. Higbee, in support of her fee request. [ECF No. 11-1]. Attorney Higbee's declaration attests that this amount consists of 4.45 hours of attorney time at a rate of $350.00 an hour. *Id.* at ¶ 20.

Although Defendant failed to respond to the fees motion (or otherwise participate in this case), the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."). The Undersigned has reviewed Plaintiff's submissions and finds that, with the exception of one entry, Plaintiff's fee request should be granted.

First, the requested hourly rate for Plaintiff's timekeeper ($350.00) is reasonable. *See, e.g., Wareka v. Faces by Francesca, LLC*, No. 20-CV-62466, 2021 WL 6101375, at *4 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, No. 20-62466-CIV, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (approving hourly rate of $350.00 for attorney Melissa Higbee); *Katz v.*

*Chevaldina*, 127 F. Supp. 3d 1285, 1303-04 (S.D. Fla. 2015) (approving attorney hourly rates of $200.00–$400.00 in copyright infringement case); *Vallejo v. Narcos Prods. LLC*, No. 18-23462-CIV, 2020 WL 6815056, at *4 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted*, No. 18-23462-CIV, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020) (finding that a $100.00 paralegal hourly rate is "consistent with this market").

Plaintiff asserts that her attorney expended 4.45 hours on this case. She attached to her motion a timesheet documenting her attorney's activities. [ECF No. 11-1, p. 10]. The Undersigned has reviewed the hours submitted and found one entry that the Court deems unreasonable (because I cannot discern how much time was spent on each activity). This problematic entry relates to block billing:

| Date Rendered | Staff Member | Units Rendered | Activity rendered |
|---|---|---|---|
| 6/20/23 | Melissa Higbee | .75 | Researching claim |
| 6/20/23 | Melissa Higbee | .2 | Discussion with client re filing |
| 12/7/23 | Melissa Higbee | 1.5 | Drafting complaint, preparing exhibits, cover sheet, copyright office form, notice of interested parties |
| 2/23/24 | Melissa Higbee | 1.5 | Drafted Motion for Default Documents |
| 2/27/24 | Melissa Higbee | .5 | Additional work on Motion for Default Documents |

*Id.*

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1, 2008) (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable"). Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed." *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 4:08CV355/MCR/GRJ, 2018 WL 6829047 (N.D. Fla. Sept. 28, 2018).

Here, the December 7, 2023 entry is an example of block billing because the attorney listed multiple tasks within the same entry but failed to specify how much time was dedicated to each activity. This block billed entry will be reduced by 40%[4] because there is

---

[4]    To calculate, the Undersigned multiplied 1.5 hours by the $350 hourly rate totaling $525. Then the Undersigned multiplied $525 by 40%, totaling $210. Therefore, the Undersigned will subtract $210 from the final attorney's fees award.

no way to determine on this record the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entry.

However, the Undersigned finds the remaining time expended by Plaintiff's attorney to be reasonable. In sum, the Undersigned **respectfully recommends** that Plaintiff recover **$1,347.50** (instead of $1,557.15) in attorney's fees.

### iii.     Costs

Plaintiff seeks to recover $550.00 in costs, consisting of a process server fee totaling $145.00 and the $402.00 Clerk's filing fee. [ECF Nos. 11, p. 10; 11-1, pp. 11-13].

The docket reflects that Plaintiff paid the filing fee. *See* Docket Text for [ECF No. 1 ("Filing fees $ 402.00 receipt number AFLSDC-17131704")]. Therefore, Plaintiff should **recover** this amount. *See RMK Merrill Stevens LLC v. Monaco*, No. 22-CV-23210, 2024 WL 384655, at *5 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted*, No. 22-23210-CV, 2024 WL 379948 (S.D. Fla. Feb. 1, 2024) ("Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost."); *Leading Edge Mktg., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-CV-21333, 2023 WL 5206034, at *7 (S.D. Fla. Aug. 14, 2023) (awarding $402.00 in court costs as part of a default judgment award in willful infringement case).

However, Plaintiff's request as to the process server fees should be **denied** in part because she failed to provide an invoice detailing the process server's hourly rate. In the

Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *E.E.O.C.*, 213 F.3d at 624). The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Here, Plaintiff's motion fails to state the number of attempts made by the process server or information regarding travel costs, hourly rates, and out of pocket expenses. "Without this information, the Court must assume that service was made on the first attempt." *RMK Merrill Stevens LLC* , 2024 WL 384655, at *5. Thus, the Court should award Plaintiff only $65.00 for the process server fees, the rate charged by the U.S. Marshals service. *Id*. (citing *Venus Concept USA Inc. v. Smith High Inc*., No. 1:21-CV-21558-KMM, 2022 WL 7609495, at *5 (S.D. Fla. Sept. 28, 2022), *report and recommendation adopted*, No. 1:21-CV-21558-KMM, 2022 WL 7514591 (S.D. Fla. Oct. 13, 2022) ("Plaintiff can recover no more than $65.00 per service. . . .").

In sum, the Undersigned **respectfully recommends** that the Court award Plaintiff the reduced cost amount of **$467.00** (instead of $550.00).

###### iv.    Pre-Judgement Interest

Plaintiff requests that the Court include pre-judgment interest in its award to her. [ECF No. 11, pp. 2; 11]. However, this request should be **denied** because she merely mentions it in passing.[5] She did not discuss why or how she is specifically entitled to pre-judgment interest, nor did she cite to any legal authority supporting her request. *See Taveras v. Fla. Dep't of Transportation*, No. 22-CV-23745, 2023 WL 9510534, at *9 (S.D. Fla. Dec. 4, 2023), *report and recommendation adopted*, No. 22-23745-CIV, 2024 WL 417112 (S.D. Fla. Feb. 5, 2024) ("The Undersigned will not consider Alpine's arguments . . . because Alpine failed to support these arguments with any legal authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

###### v.    Permanent Injunction

Plaintiff seeks the issuance of a permanent injunction pursuant to 17 U.S.C. § 502. [ECF No. 11, p. 10].

---

[5]    The only times she references a pre-judgment interest award is within the introductory and conclusion paragraphs of her motion, and a single mention in her Complaint's prayer of relief. [ECF Nos. 1, p. 5; 11, pp. 2; 11].

21

The Copyright Act "permits the entry of an injunction to restrain" any violations of it. *Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule 'A'*, No. 1:23-CV-22322-KMW, 2023 WL 6171566, at *3 (S.D. Fla. Sept. 21, 2023) (citing 17 U.S.C. § 502, 35 U.S.C. § 283). *See also Pac. & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499, n. 17 (11th Cir. 1984) (noting that the Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). Injunctions are regularly issued pursuant to the mandate of § 502 because "the public interest is the interest in upholding copyright protections."

Moreover, injunctive relief is available even in the default judgment setting [ ] because [the] [d]efendants' failure to respond or otherwise appear makes it difficult for a plaintiff to prevent further infringement absent an injunction." *Animacord Ltd. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-20744, 2022 WL 1109849, at *4 (S.D. Fla. Mar. 24, 2022), *report and recommendation adopted sub nom. Animaccord Ltd. v. Individuals, P'ships, or Unincorporated Ass'ns Identified on Schedule A*, No. 21-20744-CIV, 2022 WL 1102865 (S.D. Fla. Apr. 13, 2022) (internal citation omitted).

"A plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the

public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (citing *eBay Inc. v. MercExchange, L.L. C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L.Ed.2d 641 (2006)). This four-part test "is regularly satisfied at the default-judgment stage in copyright-infringement cases." *Garden World Images Ltd. v. WilsonBrosGardens.com LLC*., No. 1:19-CV-01035-AT, 2019 WL 8017802, at *7 (N.D. Ga. Oct. 31, 2019).

Plaintiff states[6] that she "**is likely to** suffer irreparable harm as Plaintiff suffers diminished market value of her Photograph and loss of licensing fees as a result of Defendant's infringement. Furthermore, the public interest is not unduly burdened." [ECF No. 11, p. 11 (emphasis added)].

Plaintiff's request for permanent injunctive relief should be granted. Plaintiff's motion demonstrates that Defendant's actions has and will continue to cause irreparable harm related to diminished market value and loss of licensing fees. *See Wareka v. Luxury Lab LLC*, No. 823CV00665CEHSPF, 2023 WL 9119240, at *5 (M.D. Fla. Nov. 29, 2023), *report and recommendation adopted*, No. 8:23-CV-665-CEH-SPF, 2024 WL 81815 (M.D. Fla. Jan. 8, 2024). Unless Defendant is enjoined and restrained, Plaintiff is likely to suffer further injuries that

---

[6]     Plaintiff cites to *Winter v. Natural Res. Def. Council, Inc*., 55 U.S. 7, 20 (2008) for support. However, the proper citation 55**5** U.S. 7, 20 (2008). Moreover, the language Plaintiff cites to concerns <u>preliminary</u> injunctions, not <u>permanent</u> injunctions.

cannot be fully compensated or measured in money (*e.g.* third parties choosing to not pay for Plaintiff's copyrighted works if they see others using it for free).

The costs and hardship related to protecting Plaintiff's copyrighted work outweighs any potential damage to Defendant. A permanent injunction would prevent Defendant from publicly using Plaintiff's copyrighted works without permission. That is not a harm. But, even if it were, this purported "harm" would not outweigh the justification behind issuing this injunction. Finally, the imposition of a permanent injunction would not disserve the public interest because "the public interest is the interest in upholding copyright protections." *Arista Records, Inc.*, 298 F. Supp. 2d at 1314.

Therefore, the Undersigned **respectfully recommends** that Plaintiff's request for a permanent injunction be **granted**.

## IV.   Conclusion

For the reasons stated above, the Court should (1) **grant in part and deny in part** Plaintiff's motion; (2) award Plaintiff **$13,000.00** in statutory damages, **$1,347.50** in attorney's fees, and **$467.00** in costs; and (3) issue a permanent injunction.

Plaintiff must provide a copy of this Report and Recommendations to Defendant, and file a notice of compliance on CM/ECF by no later than **Wednesday, April 3, 2024**.

## V.      Objections

The parties will have seven (7)[7] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within seven (7) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 28, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record

---

[7]     The Undersigned is shortening the deadlines because Defendant has defaulted, and it therefore appears unlikely that it will respond in any way, including the filing of Objections.